# Nicol Allen, Plff. in Err., v. Freeman Vandivort and Margaret Vandivort, His Wife, in Right of Said Wife.

In an action for damages for obstructing a private way, where there is evidence of a direct and positive character of a parol grant of a right of way and this evidence was properly submitted to the jury, who gave a verdict in favor of such right, the supreme court will not consider the question of an implied grant by necessity raised in the court below.

(Argued October 18, 1887. Decided November 7, 1887.)

October Term, 1887, No. 80, W. D., before GORDON, Ch. J., PAXSON, STERRETT, GREEN, and WILLIAMS, JJ. Error to the Common Pleas of Butler County to review a judgment in favor of the plaintiffs in an action of trespass on the case for a nuisance in obstructing a private road. Affirmed.

At the trial, before McMICHAEL, J., the following facts appeared:

In 1862 James Rowan was the owner of two tracts of land lying near to each other. On April 9, 1862, Rowan sold one of

these tracts to Mrs. Margaret Vandivort. On the tract sold was situated a sawmill from which the egress was by a lane over the land intervening between the two tracts and over the unsold Rowan tract to the main road.

In 1885, Nicol Allen purchased the second tract and placed a gate across the lane. The plaintiffs claimed that they had a right to the lane, by a parol grant of the right of way over this tract. The evidence on this point is fully stated in the opinion of the supreme court.

The defendant offered, *inter alia,* the following points:

1. The court is requested to charge the jury that if they find that the land sold to Vandivort by James Rowan was not surrounded by other lands of the grantor, but in fact was separated from any lands of the grantor by lands of Dunbar and Allen, a way by necessity could not arise; that in order that a way by necessity shall arise the land sold must be surrounded by other lands of the grantor, or at least adjoin other lands of the grantor.

Refused. (First assignment of error.)

2. That if the jury find that the obstructions were not placed on the way as located at the time of the sale of the land to Vandivort by Rowan, but on a different location, the plaintiff cannot recover.

*Ans.* "This point is refused. If the jury find that the obstructions were placed on the way that the plaintiff had a right of way over at the time it was obstructed, then the plaintiff may recover." (Second assignment of error.)

6. That unless the jury find that James Rowan's land surrounded the land sold to Vandivort, a way by necessity did not arise and the plaintiff cannot recover.

*Ans.* "This point is refused." (Third assignment of error.)

7. That if the jury find that the way of necessity did arise at the time of the sale by Rowan to Vandivort, it can only arise over the land owned by Rowan, and if Rowan had not gained a right by prescription or grant from Allen over the land separating the Vandivort tract from his, Rowan's tract, no right passed to Vandivort and the plaintiff cannot recover.

*Ans.* "This point is refused, as not applicable to the question in controversy in this case. The question is not whether the plaintiff has a right of way over other land of Allen, but whether

she has a right of way over the land bought by defendant from James Rowan." (Fourth assignment of error.)

Verdict and judgment for plaintiff.

Defendant offered in evidence the deed of James Rowan to Nicol Allen dated August 1, 1885, for the 27-acre tract of land through which the plaintiffs claim the right of way—this for the purpose of showing at the time this conveyance was made by James Rowan to Nicol Allen, the defendant in this case, there was no reservation of a right of way for the plaintiffs in this case; for the purpose of rebutting plaintiffs' proof that the grant of the road was made there by James Rowan to Mrs. Vandivort; to be followed by proof showing that at the time this deed was made to Nicol Allen, that James Rowan told him that he never had given Mr. or Mrs. Vandivort any right of way or grant of a right of way over that land; that he had simply permitted them to travel along there as a matter of favor; this to be followed by proof showing the declarations of Vandivort to the effect that Rowan had promised to give him a right of way through there, but never had done so; for the further purpose of repelling the plaintiffs' proofs of an express grant.

Objected to by the plaintiffs, as contradictory of itself, and incompetent and irrelevant. Objection sustained. (Fifth assignment of error.)

Defendant proposed to prove by a witness on the stand that this road never was traveled as claimed by the plaintiff, and that the road that plaintiff did travel was entirely upon the land of the defendant. Further, that the defendant offered to give the plaintiff a road through his farm out to the Franklin road—this for the purpose of mitigating damages.

By the Court: "We will overrule the last part of the offer." (Sixth assignment of error.)

*Lev. McQuistion* and *Thos. H. Lyon,* for plaintiff in error.— It was the province of the jury to find from the evidence whether a right of way from necessity did arise. This was the only question seriously involved, all others having been abandoned. The court below, however, adhering to its theory of the case, refused to submit the question to the jury. Certainly, this was error and the judgment must be reversed.

*John M. Thompson* and *W. H. Lusk,* for defendants in error.
—Where a continuous and apparent servitude is imposed by an
owner on one part of his land for the benefit of another, a pur-
chaser at private or judicial sale takes subject to the servitude.
Cannon v. Boyd, 73 Pa. 179.

Where land over which there is a right of way in another is
sold, the purchaser takes it subject to the easement, although
he had no actual notice of it. Wissler v. Hershey, 23 Pa. 333.

When land is conveyed which the vendee cannot reach with-
out going over other land of the vendor the right of way is im-
plied and of necessity becomes appurtenant to the land conveyed
so long as it cannot be enjoyed otherwise. Ibid.; Gardner v.
Weaver, 11 W. N. C. 544.

OPINION BY MR. JUSTICE GREEN:

If there was an express grant of the right of way in question
when the land was sold by James Rowan to Mrs. Vandivort, it
is a matter of little or no consequence whether there was a way
of necessity or not. There was evidence, of the most express,
direct, and positive character, that there was such a grant. Free-
man Vandivort, the plaintiff's husband, conducted the negotia-
tions for the purchase of the 18-acre tract, on behalf of his wife.
He testified that he negotiated for the purchase and that there
was a sawmill on the tract and that was what he bought it for.
He added: "He (James Rowan) promised to give me the
road; said I should have the right of way. I couldn't get to the
sawmill without a road and I should have a right of way. Q.
Now, where was this right of way? A. It was alongside of his
farm. He promised me a road all the way down but about four
rods that he couldn't give me, that Mrs. Dunbar owned; but he
said it could be easily got, and I did get it."

The road was fully identified by the witness, who said it had
been in use to get to the mill before he bought it, and also that
he continued to use it constantly, and to work it and keep it in
repair from 1862 when the land was purchased until it was ob-
structed by the defendant. There was not a particle of con-
tradiction of this testimony in the case. On the contrary, it was
confirmed by other evidence. Kennedy Marshall was called
upon by Mr. Rowan to survey a small lot of 3 acres which he was
about to sell for a church, in 1871, off of his remaining land
bordering on this road; and when the surveyor wanted to fix
the corner of the church lot Mr. Rowan told him "to move back

from that corner—where I had fixed the corner was between Mr. Rowan and Mr. Allen—to move back and start far enough south. to leave a road. So I did move back; I don't recollect the distance, 12 or 15 feet, or something like that; and I started there and ran around the church lot until we came around to the northeast corner and then ran along parallel with the line between the two, by Mr. Rowan's location, to leave a road there.. . . . Mr. Rowan was at the time the owner of this land and what I was going to say was, there was some person there, I think it was Mr. Vandivort. I wasn't acquainted with him at the time, and they spoke about the road to the mill. I didn't. know what mill it was; he must have a road to the mill. They were in conversation about leaving this road."

*Q.* Mr. Rowan said that was the road to the mill?

*A.* Yes, sir; I didn't know what mill it was. I didn't know there was a mill in there.

*Q.* And that had to be reserved in this conveyance to the church?

*A.* Yes, sir.

The deposition of James Rowan, the grantor of the land to Mrs. Vandivort, was taken, and he testified to the sale and to the existence of the road there, and its use by all persons who desired to travel over it, for forty or fifty years. He said he did not recollect about anything being said about that right of way at the time of the sale to Mrs. Vandivort, but there might, have been something said about it. But he also testified: "After I sold to Mrs. Vandivort I moved the fence back along by northern boundary in order to give Mrs. Vandivort a road out. After I came back from the West, in 1866, I moved my fences. back in order to give one half the road from this property out to the road; I threw out enough of the ground for a team to pass along; I would say from 8 to 12 feet I threw out. Mrs. Vandivort worked on this road and built a bridge on it and kept it in. very good order."

The learned court below left to the jury the question whether there had been an express grant of the road, and the jury found for the plaintiff. There was ample testimony to sustain the verdict on the theory of an express grant; and it seems to us the question of a way by necessity was entirely superfluous, and that its discussion now is unnecessary.

Judgment affirmed.